15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tori SWAIN, Defendant-Appellant.
 No. 92-10424.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted May 14, 1993.
Filed May 26, 1993.
Withdrawn Jan. 26, 1994.
Jan. 26, 1994.
Filed Jan. 26, 1994.
 
 Before: REINHARDT, TROTT and RYMER, Circuit Judges.
 
 ORDER
 
 1
 The petition for rehearing is granted and the suggestion for rehearing en banc is denied as moot. The memorandum disposition and dissent filed on May 26, 1993, is withdrawn. A new disposition is filed concurrently herewith.
 
 
 2
 MEMORANDUM*
 
 
 3
 Tori Swain appeals an order of restitution imposed after her conviction of mail fraud in violation of 18 U.S.C. Secs. 2 and 1341. We remand.
 
 
 4
 Swain pleaded guilty to mail fraud. She admitted to falsely notarizing a deed of trust as part of a scheme to obtain a loan, in the name of an innocent third party, on overvalued property. The scheme resulted in a $180,000 loss to GIN. Mortgage Corp. Swain was sentenced to 12 months' imprisonment and three years of supervised release. The district court imposed joint and several liability upon Swain and three others involved in the scheme to pay $180,000 in restitution.
 
 
 5
 Swain contends that the district court erred in failing to consider her minor degree of involvement in the scheme when it imposed joint and several liability. The Victim and Witness Protection Act prescribes several mandatory considerations but does not require the court to consider degree of involvement in imposing restitution. See 18 U.S.C. Sec. 3664(a). The district court may, in its discretion, consider relative culpability in imposing restitution, but it need not do so if it finds such consideration inappropriate. Cf. United States v. Angelica, 951 F.2d 1007, 1009-10 (9th Cir.1991) (refusing to enforce alleged district court promise to apportion liability). Here, the district court did not abuse its discretion in failing to consider degree of involvement when it imposed joint and several liability on Swain as part of its restitution order.
 
 
 6
 However, Swain also appears to raise an ability to pay issue. Accordingly, we are required to remand the district court's order regarding restitution for further consideration in light of United States v. Ramilo, 986 F.2d 333 (9th Cir.1993) and United States v. Newman, Slip op. No. 92-10362 (9th Cir. Sept. 28, 1993).
 
 
 7
 REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3